IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,                             No. CIV S-06-0166 MCE PAN (JFM)

    Plaintiff,

vs.

HELUA HOLLY RASHED,[1]                    FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

    On April 14, 2006, plaintiff filed a motion for entry of default judgment against defendant Helua Holly Rashed seeking statutory damages. On May 18, 2006, at 8:38 a.m., plaintiff filed a supplemental motion for default judgment seeking injunctive relief as well. Plaintiff's motion for entry of default judgment came on regularly for hearing May 18, 2006.[2] Scott N. Johnson appeared for himself. There was no appearance for defendant. Upon review of the motion and the documents in support, upon hearing the arguments of plaintiff and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

    Plaintiff initiated this action under Title III of the Americans with Disabilities Act by

---

[1] Defendant Rashed M. Rashed was dismissed by order filed May 22, 2006.

[2] During the hearing, plaintiff advised the court he had amended his motion for default judgment to include a request for injunctive relief. See Supplemental Motion for Default Judgment, filed May 18, 2006 (docket no. 14).

1  filing his complaint on January 25, 2006.  Plaintiff's complaint seeks damages and injunctive relief
2  from defendant Helua Holly Rashed for her failure to provide a disabled accessible parking space at the
3  business, Dawes Wine & Spirits, located at 2724 Dawes Street, Sacramento, California.  The summons
4  and complaint were personally served on defendant Helua Holly Rashed on February 5, 2006.  Fed. R.
5  Civ. P. 4(e)(1).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir.
6  1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or
7  otherwise appear in this action.  On April 11, 2006, the clerk entered default against defendant Helua
8  Holly Rashed.

9  Notice of the motion for default judgment and supporting papers were not served on
10 defendants at their last known address prior to May 18, 2006.[3]  Rule 55(b)(2) of the Federal Rules of
11 Civil Procedure states that written notice is required three days prior to the hearing if the defaulting
12 party has appeared in the action.  Defendants have not appeared in this action and have filed no
13 opposition to the motion for entry of default judgment.  Because defendants have not appeared in this
14 action, no notice of the hearing was required.  See Fed. R. Civ. P. 55(b)(2) (requiring written notice of
15 application for default judgment be served upon the party against whom judgment is sought only if that
16 party "has appeared in the action"); Local Rule 5-135(d)(excusing parties from serving documents
17 submitted to the court upon "parties held in default for failure to appear"); Wilson v. Moore &
18 Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977).

19 Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default
20 judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as
21 true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v.
22 Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983)(citing Geddes v. United Fin.
23 Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917

---

[3] On May 18, 2006, plaintiff's legal assistant wrote a letter to Helua Holly Rashed enclosing a copy of the motion and suggesting she contact Mr. Johnson to settle this matter.  (May 18, 2006 Supplemental Motion, Ex. 3.)  In his declaration, plaintiff stated he "sent a letter to the Defendant providing notice of the motion for default judgment."  (May 18, 2006 Supplemental Motion at 4.)  As noted above, the hearing date of the motion was May 18, 2006.

1  (9th Cir. 1987).  Where damages are liquidated (i.e., capable of ascertainment from definite figures

2  contained in the documentary evidence or in detailed affidavits), judgment by default may be entered

3  without a damages hearing.  See Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages,

4  however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at

5  1323-24; see also James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

6        Granting or denying default judgment is within the court's sound discretion, see Draper

7  v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a

8  variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

9  1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

14  Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

15        According to the complaint, plaintiff is a person with a disability under the ADA and

16  requires the use of a wheelchair.  Defendant owns a business, Dawes Wine & Spirits, located at 2724

17  Dawes Street, Sacramento, California, which does not have a van-accessible parking space or an

18  accessible path of travel from the access aisle of any such parking space to the business' sidewalk.

19  Plaintiff has patronized defendant's business on a number of occasions.  On those occasions, he has

20  encountered these barriers and desires that they be removed so he can patronize the business in the

21  future.  The complaint alleges causes of action under Title III of the ADA and California's Unruh Act.

22  It prays for the removal of the barriers in accordance with the ADA, damages pursuant to the Unruh

23  Act, and reasonable attorney fees and costs.

24        Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned

25  has determined that default judgment against defendant is appropriate.  Defendant has made no

26  showing that her failure to respond to the complaint is due to excusable neglect.  There is no reason to

1  doubt the merits of plaintiff's substantive claims, nor is there any apparent possibility of a dispute
2  concerning the material facts underlying the action.  Through the instant motion, plaintiff seeks
3  straightforward injunctive relief and an award of damages in the statutory amount of $8,000.00.   Entry
4  of default judgment is proper where, as in the present case, the facts established by the default support
5  the causes of action pled in the complaint.  The complaint and the documents filed in support of the
6  motion for entry of default judgment also support the finding that plaintiff is entitled to the relief
7  requested in the prayer for default judgment, which does not differ in kind from the relief requested in
8  the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).
9  Because each of these factors weighs in plaintiff's favor, the undersigned, while recognizing the public
10 policy favoring decisions on the merits, will recommend that default judgment be granted.
11         After determining that entry of default judgment is warranted, this court must next
12 determine the terms of the judgment.  Consistent with the allegations and prayer in the complaint,
13 plaintiff seeks the installation of a van-accessible parking space and an accessible path of travel from
14 the access aisle of that van- accessible parking space to the business' sidewalk.  Plaintiff is entitled to
15 the requested injunctive relief.  See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are
16 not recoverable under Title III of the ADA -- only injunctive relief is available for violations of Title
17 III.").  Plaintiff also is entitled to the requested $8,000.00 in damages under his state law cause of
18 action.  See Cal. Civ. Code § 52(a); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1133 (C.D. Cal.
19 2005)(the Unruh Act "provides for statutory damages up to a maximum of three times the actual
20 damages but no less than $4,000 for each instance of discrimination").  Accordingly, the undersigned
21 will recommend that the district court grant default judgment as requested.
22         Accordingly, IT IS HEREBY RECOMMENDED that:
23         1.  Plaintiff's April 14, 2006 motion for default judgment be granted;
24         2.  The district court enter the default judgment of defendant Helua Holly Rashed in
25 favor of plaintiff;
26         3.  Defendant Helua Holly Rashed be directed to install at her business a van-accessible

parking space and an accessible path of travel from the access aisle of that van-accessible parking space to the business' sidewalk in accordance with the ADA and its accompanying guidelines;

    4. Defendant be directed to pay plaintiff damages in the amount of $8,000.00; and

    5. Defendant be directed to comply with the terms of any order adopting these findings and recommendations within ninety days.

    These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2006.

                 UNITED STATES MAGISTRATE JUDGE

/001; john0166.def